## Grant v. Gibson

*Kenneth G. Biehn*, for plaintiff.
*William B. Moyer*, for defendant.

BODLEY, J., December 30, 1966.—This is an action for damages for personal injuries allegedy suffered by plaintiff in an automobile accident which occurred November 29, 1963, in the State of Alabama. Plaintiff, on that occasion, was a guest passenger in an automobile driven by defendant, but owned by defendant's mother, a Pennsylvania resident. Both plaintiff, a resident of North Dakota, and defendant, a resident of Pennsylvania, were at the time members of the armed forces stationed at Fort Benning, Georgia, some 15 miles from the Alabama State line.

Defendant held a valid Georgia operator's license, and the vehicle which he drove bore Georgia registration plates. The accident involved another vehicle operated by a Georgia resident. Both plaintiff and defendant were injured and were taken to an Alabama hospital for treatment. Defendant's damaged vehicle was towed away for repairs by an Alabama garageman. Defendant's vehicle was insured by a Pennsylvania insurance company, and no premium adjustment was made when defendant removed the vehicle to Georgia.

Plaintiff in his complaint alleged that the accident occurred as a result of defendant's gross negligence. To this complaint, defendant responded with preliminary objections in the nature of a demurrer, setting up Code of Ala., Tit. 36, §95, which provided as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle".

Defendant points out that plaintiff, a guest passenger, failed to allege willful or wanton misconduct on the part of defendant and alleges that plaintiff thereby has failed to state a cause of action in Pennsylvania.

Argument on the matter was heard by the court en banc, during which plaintiff's counsel urged that, under the principles expounded in Griffith v. United Air Lines, Inc., 416 Pa. 1 (1964), the law of Pennsylvania —not that of Alabama—should apply, and that in such case, the complaint is sufficient, since ordinary negligence is all that need be pleaded. Defendant's counsel, to the contrary, argues that under the Griffith case, the law of Alabama should be applied or, in the alternative, the law of Georgia or North Dakota, both of which latter States impose a gross negligence standard of care.

Prior to the decision in Griffith v. United Air Lines, Inc., supra, the conflict of laws or "choice of laws" question in such a case was clear. With few exceptions not here pertinent, the courts of Pennsylvania uniformly applied the law of the place of the wrong. This rule followed closely the original Restatement, Conflict of Laws (1934), particularly §378, which states categorically: "The law of the place of wrong determines whether a person has sustained a legal injury". However, this place of injury rule, sometimes referred to as the lex loci delicti rule, was subjected to severe criticism over the years, resulting, in Griffith, in the aban-

donment of the rule and a declaration of a new legal basis for resolving such "choice of laws" problems.

In Griffith, plaintiff's decedent purchased an airlines ticket from United Air Lines, Inc., in Philadelphia for a flight from Philadelphia to Phoenix, Arizona, and return. This passenger was killed when the United plane crashed in the course of landing at Denver, Colorado. United is a Delaware corporation with its principal place of business in Chicago. It regularly does business and maintains operational facilities in Pennsylvania. Decedent's will was probated in Pennsylvania and his survivors resided therein. Action was brought in Pennsylvania by decedent's executor, pursuant to the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 603, 20 PS §320.603. Preliminary objections were filed, and the lower court held that the law of the place of injury, Colorado, not the law of the forum, Pennsylvania, controlled on the matter of damages. Since plaintiff may have recovered substantial damages under Pennsylvania law, but virtually nothing under Colorado law, he appealed.

In an exhaustive examination of the law of conflicts, the Supreme Court reversed and said that under such a state of facts, the law of the forum would be applied. In doing so, the court specifically overruled all earlier cases based on the lex loci delicti rule "in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the Court": Griffith, supra, at page 21.

The court quoted with approval the language used in Babcock v. Jackson, 12 N. Y. 2d 473, at 481-82: " 'The merit of such rule is that "it gives to the place having the most interest in the problem paramount control over the legal issues arising out of a particular factual context" and thereby allows the forum to apply "the policy of the jurisdiction most intimately concerned with the outcome of [the] particular litigation." ' (Auten v. Auten, 308 N. Y. 155, 161, supra.)"

The court, in Griffith, then went on to conclude that under its particular facts, the State in which the injury occurred, Colorado, had "relatively little interest" in the matter, whereas Pennsylvania's interest was found to be great. The court said at page 24:

"The relationship between decedent and United was entered into in Pennsylvania. Our Commonwealth, the domicile of decedent and his family, is vitally concerned with the administration of decedent's estate and the well-being of the surviving dependents to the extent of granting full recovery, including expected earnings".

The new Restatement, Conflict of Laws 2d, was analyzed and relied upon in part to justify the court's departure in Griffith from the prior lex loci delicti rule. §379(a) provides:

"In an action for a personal injury, the local law of the State where the injury occurred determines the rights and liabilities of the parties, unless some other State has a more significant relationship with the occurrence and the parties as to the particular issue involved, in which event the local law of the latter State will govern".

We think that the rule enunciated in Griffith is but another way of saying the same thing. Under Griffith, there is required an analysis of the policies and interests underlying the particular issue before the court and the consequent application of the laws of that State which has the most interest in the problem. While such a rule is not so easy in application as the old, hard and fast rule of lex loci delicti, it is not without its guidelines. Necessarily, though, each case will present a new problem, and it is not inconceivable that some confusion, uncertainty and conflict will grow out of such a rule. (See dissenting opinion by Chief Justice Bell at page 29).

Applying these principles, we now turn to a consideration of the interests and policies of the various States

involved in this litigation. First, looking at the State of North Dakota, we find that plaintiff was a resident of that State prior to his entering upon military service and returned there to live upon his discharge from service. (See amended stipulation filed). While, obviously, North Dakota has an interest in the well-being of plaintiff, it hardly can be said to be the State "most intimately concerned" with the occurrence, the parties or the outcome of the litigation. North Dakota does not appear to have such a significant relationship to the litigation as to warrant the application of its laws thereto.

Next, what is the interest of the State of Georgia? We think it is minimal. At best, we find it may reasonably have an interest in its licensed drivers and vehicles and the safety of its highways. Defendant, at the time of the accident, was a licensed Georgia driver and was driving a vehicle registered by that State. But the accident occurred upon the Alabama highways and, although the other vehicle involved a Georgia resident, that person is not involved in this litigation. At the time of the accident, the parties herein were not Georgia residents in the ordinary sense of the word, since both were but temporary sojourners at a U. S. military establishment which happened to be located within that State. Under these circumstances, we find that Georgia does not have that substantial interest in this litigation which would permit the application of Georgia law.

Alabama was the place of the accident—a fortuitous event. It has no policy interest in the occurrence or the parties other than its interest in highway safety and that classic—but fictional—interest in financial remuneration to those of its citizens who rendered aid to the injured persons.

We, therefore, conclude that under the facts of this case and the applicable principles of law enunciated in Griffith, the law of the forum, Pennsylvania, must be

applied. Plaintiff cannot be accused of "forum-hopping". He brought the action in Pennsylvania for the most obvious of reasons. It is the place of residence of defendant, and service of process could thus be obtained readily.

But Pennsylvania's interest in the litigation is not limited to the fact of defendant's residence. We find that the vehicle involved in the accident was owned by a Pennsylvania resident, defendant's mother. The vehicle was insured by a Pennsylvania insurance company, and the rates upon which the premium was based were certainly fixed by the company with a view toward meeting the company's potential obligations under Pennsylvania law. Moreover, when the insured vehicle was removed to Georgia prior to the accident, no premium adjustment was made in recognition of that State's different rule of negligence under its guest statute. We think such modern-day practical considerations must be given due weight.

One other consideration might be mentioned. If legal fictions are to be considered in resolving such choice of laws problems, it would not seem to stretch the imagination too far to theorize that this Commonwealth and defendant himself are both interested in applying Pennsylvania's more enlightened policy respecting the degree of care owed a guest passenger, rather than in applying the more restrictive laws of the other States involved. As pointed out in Clark v. Clark, 222 A. 2d 205 (N. H. 1966), most of the guest statutes were passed by the various States in the 1920's and 30's as a result of "vigorous pressures by skillful proponents" having in mind hitchhikers and uninsured personal liabilities that "are no longer characteristic of our automotive society". In view of modern-day all but universally insured liabilities, why should not the forum court choose what it regards as

the sounder rule of law as between two competing ones? While our decision is not grounded upon this philosophy, we soundly endorse it.

In view of the foregoing opinion, we make the following:

ORDER

And now, to wit, December 30, 1966, the preliminary objections are dismissed.